992 So.2d 242 (2008)
In re AMENDMENTS TO FLORIDA RULES OF JUVENILE PROCEDURE.
No. SC08-1612.
Supreme Court of Florida.
September 25, 2008.
*243 David Neal Silverstein, Chair, Florida Juvenile Court Rules Committee, Tampa, Florida, and John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, FL, for Petitioner.
PER CURIAM.
The Florida Bar's Juvenile Court Rules Committee (Committee) has filed a "Fast-Track Report in Response to 2008 Legislative Changes." The Committee proposes amendments to the Florida Rules of Juvenile Procedure that conform the rules and forms to recent legislation. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(e).
The Committee proposes amendments to rule 8.225 (Process, Diligent Searches, and Service of Pleadings and Papers); and forms 8.962 (Motion for Injunction), 8.963 (Injunction Order), 8.968 (Affidavit of Diligent Search), and 8.977 (Order Authorizing Child to Enter into Residential Leasehold Before the Child's 18th Birthday). The proposed amendments are in response to 2008 legislative changes, which went into effect July 1, 2008. See Ch. 2008-245, §§ 9-11, 32, Laws of Fla.; Ch. 2008-122, §§ 2, 3, Laws of Fla. The Executive Committee of the Florida Bar Board of Governors approved the proposals by a vote of 11-0. After considering the Committee's proposals and reviewing the relevant legislation, we amend the rule and forms as proposed by the Committee.
The amendments to rule 8.225 and forms 8.962, 8.963, and 8.968 are in response to amendments to sections 39.502(17), 39.503(6), 39.504, Florida Statutes, made by chapter 2008-245, sections 9-11, Laws of Florida. Consistent with the change to section 39.502(17), Florida Statutes, subdivision (c) of rule 8.225 is amended to require notice to foster or preadoptive parents of a proceeding or hearing. The amendments to forms 8.962 and 8.963 incorporate into the injunction motion and order forms changes made to section 39.504, Florida Statutes, concerning injunctions entered pending disposition in dependency cases. Those forms also are modified to incorporate suggestions made by the Office of the State Courts Administrator that the Committee was considering prior to the statutory changes. Consistent with a requirement added to section 39.503(6), Florida Statutes, form 8.968 is amended to state that, when the Department of Children and Family Services made its diligent search to determine the residence of a parent or prospective parent, it conducted a thorough search of at least one electronic database specifically designed for location of persons.
Form 8.977 is amended in response to newly created section 743.046, Florida Statutes, which removes the disability of nonage for certain minors to ensure they can secure utility services. See Ch. 2008-122, § 2, Laws of Fla. The new statute requires a minor seeking to secure utility services to present "an order from a court of competent jurisdiction removing the disabilities of nonage." Therefore, the form order authorizing a foster child to enter into residential leasehold before the child's eighteenth birthday is amended to authorize the child to secure residential utility services.
Accordingly, we amend the Rules of Juvenile Procedure, as reflected in the appendix to this opinion. New language in the rule is underscored, and deleted language is struck through. These amendments shall become effective immediately upon the release of this opinion. Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file comments *244 with the Court.[1]
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, LEWIS, and BELL, JJ., concur.

APPENDIX
RULE 8.225. PROCESS, DILIGENT SEARCHES, AND SERVICE OF PLEADINGS AND PAPERS
(a)-(b) [No Change]
(c) Notice and Service of Pleadings and Papers.
(1) Notice of Arraignment Hearings in Dependency Cases. Notice of the arraignment hearing must be served on all parties with the summons and petition. The document containing the notice to appear in a dependency arraignment hearing must contain, in type at least as large as the balance of the document, the following or substantially similar language: "FAILURE TO PERSONALLY APPEAR AT THE ARRAIGNMENT HEARING CONSTITUTES CONSENT TO THE ADJUDICATION OF THIS CHILD (OR THESE CHILDREN) AS A DEPENDENT CHILD (OR CHILDREN) AND MAY ULTIMATELY RESULT IN LOSS OF CUSTODY OF THIS CHILD (OR THESE CHILDREN)." Any preadoptive parents of the children and all participants, including the child's foster parents and relative caregivers, must be notified of the arraignment hearing.
(2) Notice of Assessment of Child Support. Other than as part of a disposition order, if the court, on its own motion or at the request of any party, seeks to impose or enforce a child support obligation on any parent, all parties and participants are entitled to reasonable notice that child support will be addressed at a future hearing.
(3) Notice of Hearings to Participants and Parties Whose Identity or Address are Known. Any preadoptive parents, all participants, including foster parents and relative caregivers, and parties whose identity and address are known must be notified of all proceedings and hearings subsequent to the initial hearing, unless otherwise provided by law. Notice to parents in proceedings involving shelter hearings and hearings resulting from medical emergencies must be that which is most likely to result in actual notice. It is the duty of the petitioner or moving party to notify any preadoptive parents, all participants, including foster parents and relative caretakers, and parties known to the petitioner or moving party of all hearings subsequent to the initial hearing, except hearings which must be noticed by the court. Additional notice is not required if notice was provided to the parties in writing by the court or is contained in prior court orders and those orders were provided to the participant or party. All foster or preadoptive parents must be provided at least 72 hours notice, verbally or in writing, of all proceedings or hearings *245 relating to children in their care or children they are seeking to adopt to ensure the ability to provide input to the court.
(4)-(7) [No Change]
FORM 8.962. MOTION FOR INJUNCTION
VERIFIED MOTION FOR CHAPTER 39 INJUNCTION FOR PROTECTION AGAINST ANY ACT OF CHILD ABUSE OR DOMESTIC VIOLENCE
1. .....(Name and address)..... requests this Court, pursuant to section 39.504, Florida Statutes, to issue, until.....the cause is disposed/............, an injunction requiring .....(name and address of person against whom injunction is requested)...... to do the following: Movant () Department of Children and Family Services () law enforcement officer () state attorney () responsible person () the court on its own motion,.....(name)....., .....(address)....., requests this court under section 39.504, Florida Statutes, to issue an injunction against Respondent, .....(name).....,.....(address).....,
1. The minor child(ren) subject to this request is/are:
 Name Birth Date
 ................ .................
 ................ .................
 ................ .................
 ................ .................
2. Reasonable cause for the issuance of an injunction exists based on the following..... (evidence of child abuse or domestic violence and/or recent overt act(s) or failure(s) to act that provide a basis that there is a reasonable likelihood that such abuse or offense will occur)......
3. ..... Respondent,.....(name)..... was noticed of the hearing on this motion on.....(date).....
..... Movant requests that an injunction be issued without notice to Respondent because the children are in imminent danger in that.....(explain why there would be immediate danger and irreparable harm if Respondent is given notice)......
4. Respondent, .....(name and address)..... can be identified by the following:
Race ..... Gender: ..... Male..... Female
Birth date ....... Ht. ..... Wt. ..... Eye color ....... Hair color ....... Distinguishing marks or scars ....... Vehicle: make, model, and year ....... color ....... Tag number .........
Wherefore, Movant requests that the court enter an injunction under Chapter 39, Florida Statutes, to protect the minor child(ren) against any act of abuse or domestic violence and order Respondent to do the following:
..... a. Refrain from further child abuse or unlawful sexual activity with...... (name(s) of child(ren))...... of the minor child(ren) or exposure of the minor child(ren) to acts of domestic violence.
..... b. Obtain counseling as arranged by the Department of Children and Family Services or as specified belowParticipate in a specialized treatment program including.......
..... c. Have no limited contact with .....(child(ren)s name(s))..... except.....(list acceptable contact provisions).....the child(ren) as follows:
..... Supervised visitation with the child(ren). The visitation shall be supervised at all times by the department *246 or an adult approved by the department or the court. The visitation shall occur on a schedule agreed by the parties and at the departments office, a supervised visitation center, or another place agreed by the parties. The frequency of the visitation shall be .......
..... No contact with the child(ren) at home, school, work, or wherever the child(ren) may be found except as otherwise provided by this motion.
..... d. Pay $..... support for the child(ren) and/or family() weekly () biweekly () monthly temporary support for the () child(ren) () family members.
..... e. Pay the costs of medical, psychiatric, and psychological treatment for () the child(ren)() family members incurred as a result of the offenses described in this motion.
..... f. Vacate the home in which.....(child(ren)s name(s))...... reside(s) and not return until further order of the court.
..... g. Due to any domestic violence described in this motion, Movant also request the court to:
..... Award exclusive use and possession of the dwelling to the caregiver,.....(name)......
..... Exclude Respondent from the residence,..... (address)..... of the caregiver, .....(name)......
..... Award temporary custody of the child(ren) to the caregiver,.....(name)......
..... Other requests .......
..... OTHER CONDITIONS:............
2. Reasonable cause for the issuance of an injunction exists based on the following:
3. ..... .....(Name and address of person against whom injunction is requested)..... was noticed of the hearing on this motion on.....(date)......
..... This injunction is being issued without notice because.....(child(ren)s name(s))...... is/are in imminent danger, in that............
4. .....(Name and address of person against whom injunction is requested)..... can be identified by the following:
Race: ..... Gender: Male ..... Female.....
Date of Birth: .....
Height: ..... Weight: ..... Eye Color:.....
Hair Color: .....
Distinguishing marks and/or scars.......
Vehicle (make/model/year): .......
Color: .......
Tag Number: .......
I certify that a copy of this document was ..... mailed ..... faxed and mailed..... hand delivered to the person(s) listed below on ....(date) ..... or ..... was not delivered to the person(s) listed below because .......
Other party or his/her attorney:
Name: ..........
Address: ..........
Fax Number: ...........
I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this verified motion and that punishment for knowingly making a false statement includes fines and/or imprisonment.
*247
 _____________________
 .....Moving Party.....
STATE OF FLORIDA
COUNTY OF ..........
Sworn to or affirmed and signed before me on .....(date)..... by.....(name).....
 ______________________
 NOTARY PUBLIC OR DEPUTY
 CLERK
 ______________________
 Print, type, or stamp name of notary
 or clerk
..... Personally known
..... Produced identification
Type of identification produced.......
If the party filing this motion is represented by an attorney, the attorney must complete the following:
I, the undersigned attorney for Movant hereby certify that the following efforts have been made to give notice: .....(efforts made or if none made, state why).....
 _____________________
 .....(attorneys name).....
 .....(address and phone number)
 .....
 .....(Florida Bar number).....
FORM 8.963. INJUNCTION ORDER

ORDER ON VERIFIED MOTION FOR CHAPTER 39 INJUNCTION
THIS CAUSE came before this court on.....(date)....., pursuant to section 39.504, Florida Statutes. Present before the court were ....(name(s))....; and the court having reviewed the verified motion, heard testimony and argument, and being otherwise fully advised in the premises finds:
1. That this court has jurisdiction to issue an injunction in this cause.
2. The minor children subject to this request are:
 Name Birth Date
 ................ .................
 ................ .................
 ................ .................
 ................ .................
23. ..... .....(Name and address of person(s) against whom injunction is requested)..... was noticed of the hearing on this motion on.....date......
..... This injunction is being issued without notice because.....(child(ren)s name(s))..... is/are in imminent danger, in that.....(explain why there would be immediate and irreparable harm if the other party is given notice)......
34. Reasonable cause for the issuance of an injunction ..... does ..... does not exists based on the following: ...........
45. .....(Name and address of person against whom injunction is requested)...... can be identified by the following:
Race: ..... Gender: Male ..... Female.....
Date of Birth: .....
Height: ..... Weight: ..... Eye Color:.....
Hair Color: .....
Distinguishing marks and/or scars:.......
Vehicle (make/model/year): .......
Color: .......
Tag Number: .......
THEREFORE, based upon the foregoing findings, it is hereby ORDERED AND ADJUDGED that:
*248 1. This court ..... grants ..... denies the motion for injunction.
12. Until .....disposition of this cause/ () .....(date)...../further order of this court () modified or dissolved by this court....., Respondent, .....(name and addressof person against whom injunction is requested)..... shall:
..... Refrain from further child abuse or unlawful sexual activity with....(name(s) of the child(ren)).....of the minor child(ren) or exposure of the child(ren) to acts of domestic violence.
..... Obtain counseling as arranged by the Department of Children and Family Services or as follows: Participate in a specialized treatment program including.............
..... Have no contact with.....(child(ren)s name(s))..... except.....(list acceptable contact provisions)........Have limited contact with the minor child(ren) as follows:
..... Supervised visitation with the child(ren). The visitation shall be supervised at all times by the Department or an adult approved by the Department or the court. The visitation shall occur on a schedule agreed by the parties and at the Departments office, a supervised visitation center, or another place agreed by the parties. The frequency of the visitation shall be............
..... No contact with the child(ren) at home, school, work, or wherever the child(ren) may be found, except as otherwise provided in this order.
..... Vacate the home in which.....(child(ren)s name(s))...... reside(s) and not return until further order of the court.
..... Other conditions ...............
..... Pay $...... support for the child(ren) and/or family() weekly, () bi-weekly () monthly temporary support for the () child(ren) () family members.
..... Pay the costs of medical, psychiatric, and psychological treatment for () the children () family members incurred as a result of the offenses described in the verified motion.
..... Vacate the home in which.....(child(ren)s name(s))..... reside(s) and not return until further order of the court.
..... OTHER CONDITIONS:..............
3. Due to any domestic violence, the court hereby
..... Awards the exclusive use and possession of the dwelling, .....(address)..... to the caregiver.....(name)..... or exclude Respondent from the residence of the caregiver.
..... Awards temporary custody of the child(ren) to the caregiver,.....(name).....
24. This court retains jurisdiction over this cause to enter any further orders that may be deemed necessary for the best interest and welfare of the minor child(ren).
35. All prior orders not inconsistent with the present Order shall remain in full force and effect.
 DONE AND ORDERED on
.....(date)......
 ___________________
 Circuit Judge
Copies furnished to:
COMMENT: If injunction is issued ex parte, include the following:

*249 NOTICE OF HEARING
The Juvenile Court hereby gives notice of hearing in the above styled cause on.....(date)..... at ..... a.m./p.m., before.....(judge)....., at .....(location)..... or as soon thereafter as counsel can be heard.
In accordance with the Americans With Disabilities Act, persons needing a special accommodation to participate in this proceeding should contact the Office of the Court Administrator no later than 7 days before the proceeding at.....(telephone number)......
PLEASE BE GOVERNED ACCORDINGLY.
FORM 8.968. AFFIDAVIT OF DILIGENT SEARCH

AFFIDAVIT OF DILIGENT SEARCH
STATE OF FLORIDA COUNTY OF ..........
BEFORE ME, the undersigned authority, personally appeared .....(name)....., affiant, who, being first duly sworn, deposes and says that .....he/she..... made a diligent search and inquiry to determine the residence of .....(name)....., the.....parent/prospective parent..... of.....(name(s) of child(ren))....., and the results are as follows:
1. Affiant has received the name of the....(parent/prospective parent)..... from .....(name).....
2. Affiant has had no face-to-face contact with .....(name of parent/prospective parent)......
3. On .....(date)..... affiant telephoned information at .....(name)..... and was informed that there was no listing for .....(name of parent/prospective parent)......
4. On .....(date)..... affiant searched the .....(city)..... telephone directory and was unable to locate a listing for .....(name of parent/prospective parent)......
5. On .....(date)..... affiant sent a certified letter, return receipt requested, to .....(address)....., a last known address of .....(name of parent/prospective parent)...... On .....(date)..... affiant received the unclaimed receipt by return mail.
6. On .....(date)..... affiant visited.....(address)....., the last known address of .....(name of parent/prospective parent)....., and was informed by.....(name)..... that .....(name of parent/prospective parent)..... no longer resides there.
7. Affiant has made inquiries of all relatives of .....(name of parent/prospective parent)..... of the child, including the other parent, made known to me by the petitioner and .....(name)...... The names, addresses, and telephone numbers of those relatives contacted are:......... None of the relatives contacted know the current residence or whereabouts of .....(name of parent/prospective parent)......
8. Affiant has made inquiries of all offices of program areas, including but not limited to mental health, of the Department of Children and Family Services likely to have information about .....(name of parent/prospective parent)...... The names, addresses, and/or telephone numbers of those offices are: ......... No one in any of these offices knows the current residence or address of .....(name of parent/prospective parent)......
9. Affiant has made inquiries of other state and federal agencies likely to have information about .....(name of parent/prospective parent)...... The names, *250 addresses, and/or telephone numbers of those agencies: .......... No one in any of these agencies knows the current residence or whereabouts of .....(name of parent/prospective parent)......
10. Affiant has made inquiries of appropriate utility and postal providers. The names, addresses, and/or telephone numbers of those providers are: .......... None of those providers know the current residence or whereabouts of .....(name of parent/prospective parent)......
11. Affiant has made inquiries of appropriate law enforcement agencies. The names, addresses, and/or telephone numbers of those agencies are: .............(Name of parent/prospective parent)..... is not known to any of these agencies.
12. Affiant has made inquiries of the federal armed services, including the United States Army, Navy, Air Force, Marine Corps, and National Guard. .....(Name of parent/prospective parent)..... is not currently a member of these services.
13. Affiant has made inquiries of all the hospitals in the ......... area. The names, addresses, and/or telephone numbers of those hospitals are: ............... (Name of parent/prospective parent)..... is not currently a patient at, nor has .....he/she..... recently been admitted to, these hospitals.
14. Affiant has conducted a thorough search of at least one electronic database specifically designed for locating persons including .....(name of database)...... No information regarding .....(name of parent/prospective parent)..... was found in this electronic database.
145. .....(Name of parent/prospective parent)..... .....is/is not..... over 18 years of age.
156. Affiant is unable to determine the residence or whereabouts of .....(name of parent/prospective parent)..... and thus cannot personally serve process upon..... him/her......
 _________________
 Affiant
Before me, the undersigned authority, personally appeared .....(name)....., the petitioner in this action, who .....is personally known to me/produced .....(document)..... as identification....., and who affirms that the allegations are filed in good faith and are true and correct to the best of petitioners knowledge.
SWORN TO AND SUBSCRIBED before me..... (date)......
 ----------------
 NOTARY PUBLIC
 Name: ..............
 Commission No.: ...............
 My commission expires: ...........
 OR
Verification (see Form 8.902)
FORM 8.977. ORDER AUTHORIZING CHILD TO ENTER INTO RESIDENTIAL LEASEHOLD AND SECURE UTILITY SERVICES BEFORE THE CHILD'S 18TH BIRTHDAY

ORDER AUTHORIZING CHILD TO ENTER INTO RESIDENTIAL LEASEHOLD AND TO SECURE RESIDENTIAL UTILITY SERVICES BEFORE THE CHILD'S 18TH BIRTHDAY
THIS CAUSE came before the court to remove the disabilities of nonage of.....(name)....., for the purposes of entering into a residential leasehold and to secure residential utility services. tThe court being fully advised in the premises FINDS as follows:
*251 .....(Name)..... is 17 years of age, meets the requirements of sections 743.045 and 743.046, Florida Statutes, and is entitled to the benefits of thatthose statutes.
THEREFORE, based on these findings of fact, it is ORDERED AND ADJUDGED that the disabilities of nonage of.....(name)..... are hereby removed for the purposes of entering a residential leasehold and securing residential utility services. .....(Name)..... is hereby authorized to make and execute contracts, releases, and all other instruments necessary for the purposes of entering into a residential leasehold and securing residential utility services. The contracts or other instruments made by .....(name)..... for the purposes of entering into a residential leasehold and securing residential utility services shall have the same effect as though they were the obligations of a person who is not a minor.
ORDERED at ............., Florida, on .....(date)......
 ------------------
 Circuit Judge
Copies to:
NOTES
[1] An original and nine paper copies of all comments must be filed with the Court on or before November 24, 2008, with a certificate of service verifying that a copy has been served on the committee chair, David N. Silverstein, 501 E. Kennedy Blvd. Suite 1100, Tampa, Florida XXXXX-XXXX, as well as separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The committee chair has until December 15, 2008, to file a response to any comments filed with the Court. Electronic copies of all comments and responses also must be filed in accordance with the Court's administrative order In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004).